IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| ALTRA NEBRASKA, LLC, ) | |
| ) | CASE NO. BK09-42348-TLS |
| Debtor(s). ) | A09-4068-TLS |
| STAROSTKA GROUP UNLIMITED, INC.; ) | |
| STROBEL GROUP UNLIMITED, INC.; and ) | |
| BEATRICE CONCRETE COMPANY, INC., ) | |
| ) | |
| Plaintiffs, ) | CH. 11 |
| ) | |
| vs. ) | |
| ) | |
| ADVANCED CONSULTING ENGINEERING ) | |
| SERVICES, INC.; ALTRA NEBRASKA, LLC; ) | |
| AQUA PLUMBING & HEATING; ) | |
| BRATNEY COMPANIES; DARLAND ) | |
| CONSTRUCTION COMPANY; DCR ) | |
| CONSTRUCTION, INC.; DELTA-T ) | |
| CORPORATION; F.E. MORAN, INC., ) | |
| SPECIAL HAZARD SYSTEMS; FOURTH ) | |
| THIRD LLC; GEMMA POWER SYSTEMS, ) | |
| LLC; HARRINGTON PROPERTIES, INC.; ) | |
| IDC ARCHITECTS; INTERSTATES ) | |
| ENGINEERING, INC.; JA-CON MAT, INC.; ) | |
| KAYL HEATING & AIR, INC.; KOCH- ) | |
| GLITSCH, LP; PROTECH GLOBAL, LLC; ) | |
| RAILWORKS TRACK SYSTEMS, INC.; ) | |
| TERRACON CONSULTANTS, INC., ) | |
| ) | |
| Defendants. ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on January 13, 2010, on the plaintiffs' motions for progression order (Fils. #10 and #14) and a response by defendant Fourth Third LLC (Fil. #11). James A. Overcash appeared for the plaintiffs; T. Randall Wright and Jacqueline A. Pueppke appeared on behalf of Fourth Third LLC; Andrew L. Swope appeared on behalf of Gemma Power Systems LLC; and John L. Horan and Austin McKillip appeared on behalf of Delta-T Corporation and Protech Global LLC.

This litigation was originally filed in the District Court of Thayer County, Nebraska, in December 2008, alleging breach of contract and seeking to foreclose the plaintiffs' construction

liens against Altra Nebraska and other defendants. Altra filed its Chapter 11 bankruptcy petition in August 2009. The plaintiffs removed the case to federal court in mid-October 2009. Substantially all of the debtor's assets were sold in late October 2009, and the estate received more than $6.8 million in proceeds. Those funds are being held in a separate account pending resolution of the various claims to the proceeds by construction lienholders, deed of trust holders, and Thayer County as holder of a tax lien. The plaintiffs now propose a schedule for progression of this case.

Because this case is a dispute involving issues of state law among creditors with competing claims to a fund of money, the question arises as to whether this court may exercise jurisdiction over it. The bankruptcy court's subject-matter jurisdiction flows from 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). As set forth in 28 U.S.C. § 1334(a) and (b), bankruptcy courts (through the district courts) have exclusive jurisdiction over all cases under title 11, and original but not exclusive jurisdiction over all core proceedings arising under title 11 or arising in or related to a case under title 11.

"Core proceedings" are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). An action to determine the validity, extent, and priority of liens – as here – is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

However, the matter's status as a core proceeding in and of itself does not mandate adjudication by this court. As noted above, § 1334(b) confers "original but not exclusive jurisdiction" of all civil proceedings arising in bankruptcy cases. Moreover, § 1334(c)(1) permits a court to abstain from hearing a particular proceeding, in favor of the state courts: "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

In deciding whether permissive abstention under § 1334(c)(1) is appropriate, courts consider the following factors:

(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

*Stabler v. Beyers (In re Stabler)*, 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009) (citing *Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 893-94 (B.A.P. 8th Cir. 2001) and *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir.1993) ("Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.")).

The majority of these factors favor abstention.

First, there will be little effect on the administration of the bankruptcy estate if this court abstains. The assets have been liquidated and the proceeds are simply awaiting allocation among the creditors who claim an interest therein. There is one claimant to the funds who is not a party to the adversary proceeding, and that is the Thayer County Treasurer as holder of a lien for unpaid taxes. However, the court believes that claim may be addressed in the bankruptcy case and an order entered directing distribution to the treasurer, as appropriate, without disrupting the underlying litigation or affecting the rights of the other claimants.

Second, the case involves only state law issues. It was brought under the Nebraska Construction Lien Act and involves a large number of construction lien claimants.[1] There are also issues of Nebraska deed of trust law. The state court is better equipped to handle such litigation.

Third, the parties indicate that the lawsuit will deal with the complexities of the priorities of construction liens vis-à-vis deeds of trust, which is a matter of state law. There are also complicated issues regarding allocation of the proceeds among the claimants with respect to the real property and specified items of personal property and fixtures.

---

[1] In light of the bankruptcy, it does not appear that the plaintiffs intend to pursue the cause of action alleging breach of contract by the debtor.

Fourth, this case was filed in state court and apparently had reached the summary judgment stage, although little discovery had been done prior to the case's removal. No substantive discovery has been completed since. The parties have been working out a schedule for proceeding with the case in this court.

Fifth, other than the bankruptcy filing, there is no federal jurisdiction for this case. While the amount in controversy exceeds the $75,000 threshold, the parties lack complete diversity, so the federal court would not have original jurisdiction of this case outside of bankruptcy. 28 U.S.C. § 1332(a).

Sixth, because this matter concerns the creditors' respective claims to distribution of the estate's assets, it is an integral part of the bankruptcy process. However, it does not affect other aspects of the bankruptcy case, which can go forward while this litigation is pending. The litigation is simply to determine to what extent the parties claiming secured claims share in the pot of money set aside for them.

Seventh, as noted above, this is in fact a core proceeding.

Eighth, the state court is well-suited to hear and decide the case and enter judgment thereon, which the parties may then bring to this court to support their respective claims to distribution of the proceeds.

Ninth, adjudication in this court would not necessarily burden the docket.

Tenth, there is no indication that the removing parties engaged in forum-shopping.

Eleventh, the litigation seems to involve only legal issues, so it likely would not necessitate a jury trial.

Twelfth, the case involves a significant number of parties, and the debtor has no real interest in the outcome. Therefore, it is essentially litigation involving only non-debtor parties.

Because this case requires the application of state law regarding the creation and priority of liens to evaluate each party's claim and determine their respective rights to the available proceeds to which their liens are now attached, such determinations are more appropriately made by the District Court of Thayer County, Nebraska. I therefore find that it is appropriate for me to abstain from deciding this case.

Alternatively, the court has the statutory authority to remand a removed case "on any equitable ground." 28 U.S.C. § 1452(b). That is "a broad grant of authority," *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007), so courts consider factors such as whether remand would prevent duplication or uneconomical use of judicial resources; the effect of the remand on the administration of the bankruptcy estate; whether the case involves questions of state law better addressed by a state court; comity; judicial economy; prejudice to involuntarily

removed parties; the effect of bifurcating the action, including whether remand will increase or decrease possibility of inconsistent results; the predominance of state law issues and non-debtor parties; and the expertise of the court in which the action originated. *Transamerica Fin'l Life Ins. Co. v. Merrill Lynch & Co.*, 302 B.R. 620, 628-29 (N.D. Iowa 2003). Many of these factors were considered above in the abstention discussion, and in this context favor remand of the case to state court for further proceedings.

IT IS ORDERED: The plaintiffs' motions for progression order (Fils. #10 and #14) are overruled. This court will abstain from hearing the case. The clerk should remand it to the District Court of Thayer County, Nebraska.

DATED: January 14, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *James A. Overcash
    T. Randall Wright/Jacqueline A. Pueppke
    Andrew L. Swope
    John L. Horan/Austin McKillip
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.